# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-51078
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 26, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDGAR ALONSO PINEDA-PINEDA,

Defendant-Appellant

Consolidated with 17-51079

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDGAR ALONSO PINEDA, also known as Edgar Alonso Pineda-Rubio, also known as Roberto Gonzalez-Castillo, also known as Edgar Alonso-Pineda, also known as Edgar Pineda-Pineda, also known as Edgar Alonso Pineda-Pineda,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:16-CR-1487-1
USDC 2:17-CR-193-1

No. 17-51078
c/w No. 17-51079

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Edgar Alonso Pineda-Pineda appeals the 48-month sentence imposed on his jury trial conviction for illegal reentry following removal.  *See* 8 U.S.C. § 1326.  Additionally, he appeals the related revocation of his term of supervised release on an earlier conviction for illegal reentry and his 18-month revocation sentence.  *See* 18 U.S.C. § 3583.

Pineda-Pineda argues that because his indictment did not specify the prior aggravated felony conviction that formed the basis of his sentencing enhancement, his sentence, imposed under 8 U.S.C. § 1326(b)(2), exceeded the two-year maximum sentence under § 1326(a) and therefore violated his due process rights.  The Government has filed an unopposed motion for summary affirmance and, alternatively, seeks an extension of time to file its brief.

As the Government correctly argues and Pineda-Pineda correctly concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007).  Because the issue is foreclosed, summary affirmance is appropriate.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Pineda-Pineda's appeal from the revocation of supervised release was consolidated with the instant appeal.  But because he has raised no argument with respect to his revocation case, he has abandoned his appeal of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-51078
c/w No. 17-51079

judgment of revocation and of the revocation sentence. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

The Government's motion for summary affirmance is GRANTED, and the district court's judgments are AFFIRMED. The Government's alternative motion for an extension of time to file its brief is DENIED.